UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

**KELANDUS CONSENTA,**
    Plaintiff,

v.                                   7:20-cv-1258-CLM-SGC

**JIMMY THOMAS,**
    Defendant.

## MEMORANDUM OPINION

The magistrate judge entered a report, recommending the court dismiss this case without prejudice under 28 U.S.C. § 1915(b) for failing to state a claim upon which relief can be granted. (Doc. 26). Plaintiff Kelandus Consenta objects to the report and recommendation. (Doc. 29). Below, the court addresses each category of Consenta's objections.

### DISCUSSION

#### A.  First Objection

Consenta's challenge to the report and recommendation asserts new factual allegations he believes support the claims the magistrate judge determined Consenta insufficiently pleaded. (*See generally* Doc. 29). Consenta also states he has 15 declarations he can submit in support of his claims and has not done so already because a jailhouse lawyer advised him to hold them until Warden Thomas moved for summary judgment. (Doc. 29 at 1). According to Consenta, the court should let him amend his complaint for the second time to prevent a miscarriage of justice. (*Id.*).

The court will deny Consenta's request for leave to file a second amended complaint. "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the

complaint before the court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).[1] After giving the plaintiff this chance to amend, the court has discretion to deny additional motions to amend when there has been "undue delay" or "repeated failures to cure deficiencies by amendments previously allowed." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). And the rule that the court give the plaintiff a chance to amend his complaint doesn't apply when the court dismisses the case *without* prejudice. *See Quinlan v. Personal Transp. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009).

In addition, this court isn't required to consider new factual allegations asserted in response to a magistrate judge's report and recommendation. "[T]o allow [this to occur] would frustrate systematic efficiencies and reduce the role of the Magistrate Judge to that of a mere dress rehearser." *Quinones-Correa v. Wells*, 2012 WL 2872878, at *1 (S.D. Ga. July 12, 2021) (internal quotation marks omitted); *see also Williams v. McNeil*, 557 F.3d 1287, 1288, 1292 (11th Cir. 2009) (holding district court has discretion to decline to consider argument first raised in objections to magistrate judge's report and recommendation).

The magistrate judge advised Consenta of his original complaint's pleading deficiencies and let Consenta cure those deficiencies by filing an amended complaint. (Doc. 9). The magistrate judge then granted Consenta multiple extensions of time to file his amended complaint. (Docs. 12, 15, 17, 19). Consenta's attempt at a third bite of the apple 18 months after the magistrate judge put him on notice of his original complaint's deficiencies comes too late. As the magistrate judge advised Consenta, it's not appropriate to include new factual allegations in objections to a report and recommendation. (Doc. 26 at 20). Plus, on the magistrate judge's recommendation, the court will dismiss Consenta's amended complaint

---

[1] Though *Wagner* partially overruled *Bank*, the Eleventh Circuit continues to apply the *Bank* rule to pro se plaintiffs, like Consenta. *See Case v. Riley*, 270 F. App'x 908, 910 n.5 (11th Cir. 2008).

without prejudice. So Consenta can still bring a new case that includes the new allegations he asserts in his objections. As a result, the court will deny Consenta's request to amend his complaint.

### B.    Second Objection

Consenta's second category of objections identifies ways in which he believes some cases the magistrate judge cited are distinguishable. (Doc. 29 at III.A.2 and 3, III.B.4., III.C.3., and III.D.9. and 12.). These objections rely on factual allegations not in the amended complaint or point to distinctions that don't make a difference. For example, Consenta notes as to his Eighth Amendment claim for exposure to secondhand smoke and fumes that the magistrate judge cited cases holding "imperfect enforcement" of a "no smoking" policy doesn't establish deliberate indifference, but he has alleged Thomas didn't enforce Bibb Correctional Facility's "no smoking" policy at all. (Doc. 29 at III.B.4.). Even so, Consenta hasn't alleged facts that would support a plausible inference that any failure to enforce the "no smoking" policy is attributable to Thomas's deliberate indifference, rather than negligence. So the court overrules this objection.

### C.    Third Objection

Consenta next quibbles with the magistrate judge's characterization of some of his claims. He suggests he asserted a claim about Thomas's "[f]ailure to provide safe and sanitary conditions," not a claim about the "general living conditions" at Bibb. (Doc. 29 at III.A.1.). He also says he alleged Thomas failed to protect inmates from exposure to COVID-19, not a claim that Thomas had an "[i]nability to mitigate risk of exposure to COVID-19." (Doc. 29 at III.C.1.). And Consenta states he did not assert an Eighth Amendment claim based on a generalized, environmental risk of harm but a claim Thomas failed to protect him from prisoner-on-prisoner violence that was the norm at Bibb. (Doc. 29 at III.D.2 and 5.). These are distinctions without differences. The magistrate judge appropriately characterized Consenta's claims and applied the relevant law. Relatedly, Consenta complains that he never used the

3

phrase "supervisory liability" in his amended complaint and yet the magistrate judge construed his amended complaint as alleging supervisory liability against Thomas. (Doc. 29 at III.D.11.). The magistrate judge addressed supervisory liability because she must liberally construe pro se pleadings. So Consenta hasn't shown that the magistrate judge erred in characterizing his complaint.

### D. Fourth Objection

Consenta also challenges the magistrate judge's determination that he failed to assert—even in conclusory fashion—that Thomas had a custom or policy that resulted in the violation of his constitutional rights. Consenta directs the court to paragraph 54 of his amended complaint, where he asserted "the acts, omissions, customs, and practices of [the] defendant set forth in paragraphs 5 through 43 above constitute a pattern, practice[,], or custom of conduct that deprives [the] plaintiff . . . of rights, privileges, or immunities secured or protected by the Constitution of the United States . . . ." (Doc. 29 at III.D.10.). While Consenta asserted that a custom or policy resulted in the violation of his constitutional rights, he did not allege in a conclusory manner, or otherwise, the substance or nature of the custom or policy he referenced. So Consenta hasn't adequately alleged that a custom or policy Thomas implemented led to the violation of his rights.

### E. Fifth Objection

Consenta next contests the magistrate judge's determination that he made no allegation related to any specific threat directed toward him that would support a failure-to-protect claim based on individualized, rather than environmental, risks. Consenta claims his allegation is that Thomas has failed to protect Consenta from risk of individualized harm because he is one of the "weaker" males upon whom "[a]lpha males" "force themselves . . . concerning shower time." (Doc. 29 at III.D.1.). Even reading the allegations in Consenta's amended complaint related to shower time as asserting a failure-to-protect claim based on an individualized risk, they fall far short of satisfying the pleading standards

for failure-to-protect claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted). So the court will overrule this objection.

### F.     Sixth Objection

Consenta also objects that the magistrate judge didn't address or implement potential solutions to overcrowding at Bibb and other facilities that the Alabama Department of Corrections ("ADOC") controls. (Doc. 29 at 13). But given the magistrate judge's determination that Consenta's claims about overcrowding didn't state a claim on which relief could be granted, she didn't need to address this.

### G.     Seventh Objection

Consenta asserts that if he is transferred to another ADOC facility in retaliation for prosecuting this case "circumstances will be aggravated." (*Id.*). This objection doesn't identify any error in the magistrate judge's report and recommendation, so the court needn't address it.

### H.     Eighth Objection

Consenta's objections also discuss the statute of limitations applicable to his claims. (*Id.* at 12–13). But the magistrate judge did not recommend dismissal of Consenta's claims based on the statute of limitations. So this objection fails.

### I.     Ninth Objection

Consenta also reasserts several factual allegations and legal conclusions that the magistrate judge correctly determined failed to state a claim upon which relief may be granted. (*See generally* Doc. 29). Because the court agrees with the magistrate judge's analysis, it will overrule these objections.

## CONCLUSION

For the reasons stated above, the court **WILL DENY** Consenta's request for leave to file a second amended complaint. And after considering the record, including the magistrate judge's report and Consenta's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b), the court **WILL DISMISS** this case **WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted.

By separate order, the court will enter final judgment.

**Done** on June 1, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE